UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| TONYA SAPIEL, | ) |
|        Plaintiff, | ) ) ) |
| v. | ) ) |
| VOLUNTEERS OF AMERICA OF NORTHERN NEW ENGLAND, INC. | ) ) ) |
|        Defendant. | ) ) ) |

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Tonya Sapiel complains against Defendant Volunteers of America of Northern New England, Inc., as follows:

### PARTIES

2. Plaintiff Tonya Sapiel ("Plaintiff" or "Sapiel") is a resident of Sanford, Maine. At all times relevant to this Complaint, Plaintiff was a resident of Bangor, Maine.

3. Defendant Volunteers of America of Northern New England, Inc. ("Defendant" or "VOANNE") is Maine corporation, with a principal place of business in Brunswick, Maine.

### JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. § 1332.

9. Venue is proper in the District of Maine under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Maine. Under Rule 3(b) of the Rules of this Court, this

1

action is properly filed in Bangor because the events at issue occurred in Penobscot County.

10. Plaintiff has exhausted all necessary administrative remedies and has otherwise met all conditions before commencing suit on this matter. On September 6, 2022, the Maine Human Rights Commission issued Plaintiff a "Notice of Right to Sue" letter.

## JURY TRIAL DEMAND

11. Under Fed. R. Civ. P. 38(b), Plaintiff demands trial by jury on all issues triable to a jury.

## FACTUAL ALLEGATIONS

12. In May of 2019, Plaintiff began working as a Residential Counselor at VOANNE's Intensive Residential Treatment North program ("IRT North") in Bangor, Maine.

13. At all times, Plaintiff met or exceeded performance expectations.

14. At all relevant times, Plaintiff was a qualified individual with a disability (PTSD, anxiety disorder, depression), capable of performing the essential functions of her job with or without reasonable accommodations.

15. In or around March of 2020, Plaintiff requested a reasonable accommodation from her employer: to be removed from the support team of one particular client (herein, "Client A"). Client A frequently engaged in self-injurious behaviors that resembled Plaintiff's past behaviors. Working with

Client A exacerbated Plaintiff's PTSD and had negative effects on her mental health during and outside of work.

16. At first, VOANNE was resistant to Plaintiff's reasonable accommodation requests.

17. After Plaintiff spoke to several managers, and explained the specifics of her disabilities, VOANNE granted Plaintiff's request to be removed from Client A's support team.

18. Later, after pressure from her supervisors, Plaintiff agreed to serve as a "backup" for Client A, but only on the condition that *no other person* was available to work with Client A.

19. Notwithstanding the agreed-upon condition, VOANNE scheduled Plaintiff to work with Client A on multiple occasions, when other staff were available to work with Client A.

20. In late-February of 2021, Plaintiff contacted her new manager, Stephen Young, to complain about being scheduled with Client A when several other staff were available to work with Client A.

21. Mr. Young was unreceptive and hostile to Plaintiff's complaints, and told her, essentially, "too bad."

22. Plaintiff elevated her complaints to Program Manager Hannah Boutin, and Assistant Program Manager Amanda Elliot.  They resolved to remove Plaintiff from Client A's team entirely, so that the issue would not recur.

23. Approximately one or two weeks later, Ms. Boutin told Plaintiff that no staff could be removed from a client's team, except for "legal reasons."

24. Plaintiff had never heard of such a policy in the year since she had first requested reasonable accommodations.

25. Despite the fact that Plaintiff's reasonable accommodation request under the Maine Human Rights Act ("MHRA") and the Americans with Disabilities Act ("ADA") *was* a "legal reason," Plaintiff accepted Ms. Boutin's decision because Ms. Boutin adamantly assured her that she would only be assigned to Client A when *absolutely necessary* (i.e. when *no other staff was available*).

26. VOANNE failed to honor its assurances to Plaintiff; Plaintiff was scheduled to work with Client A on multiple occasions when other staff were available.

27. On the evening of May 19, 2021, while at home, Plaintiff experienced a severe flare-up of her conditions. Plaintiff engaged in self-harm. Plaintiff's then-partner called the police, who performed a well-being check on Plaintiff.

28. On May 20, 2021, Plaintiff arrived to work at 7 a.m.

29. Plaintiff received an email from Ms. Boutin, assigning her to work with Client A that day.

30. Given what Plaintiff had gone through the previous night, and the residual anxiety and agitation that she was experiencing that morning, Plaintiff felt there was no way that she could work with Client A.

31. Plaintiff reviewed the schedule and found that there were *three other staff* on the schedule that day who could work with Client A.

32. Plaintiff emailed Ms. Boutin, expressing her frustration with Ms. Boutin's failure to abide by her own assurances and Plaintiff's ongoing requests for reasonable accommodations.

33. After exchanging communications, Ms. Boutin relented. She told Plaintiff to find another staff member to work with Client A, and if someone agreed, that would be fine.

34. Ms. Boutin did not direct Plaintiff to work with any specific client, or to switch with any specific staff member.

35. Plaintiff spoke to her co-workers and swapped coverage for Client A.

36. The next day, VOANNE terminated Plaintiff's employment, citing "insubordination."

37. Plaintiff contacted the Vice President of Human Resources, Tatiana Bickford, to appeal her termination. She reported that she had been discriminated against based on her disability, and that she was terminated for asserting her ongoing need for reasonable accommodations.

38. Ms. Bickford did not respond to Plaintiff for almost two weeks.

39. Finally, on June 4, 2021, Ms. Bickford emailed Plaintiff, denying her allegations of discrimination and retaliation, and claiming that she was terminated for "insubordination" because she did not work with a client to whom Ms. Boutin had allegedly reassigned her on May 20th.

40. Ms. Boutin never reassigned Plaintiff to a specific client.

41. VOANNE did not discipline, let alone terminate, any of Plaintiff's co-workers for switching clients. This includes the co-worker with whom Plaintiff switch Client A on May 20, 2021.

## COUNT I
### (Disability Discrimination – Disparate Treatment – MHRA and ADA)

42. Plaintiff hereby repeats, re-alleges, and incorporates by reference the foregoing paragraphs 1-41 of this Complaint.

43. Plaintiff is a qualified individual with a disability who was able to perform the essential functions of her job with or without reasonable accommodations.

44. As set forth above, Defendant discriminated against Plaintiff with respect to the terms, conditions or privileges of her employment based on her disability, or, alternatively, on Defendant's perception that Plaintiff was disabled; treated Plaintiff differently than other employees who were not disabled; subjected Plaintiff to intolerable working conditions; denied without justification Plaintiff's requests for reasonable accommodations; and terminated Plaintiff's employment, at least in part, because of her need for a reasonable accommodation.

45. As a direct and proximate result of Defendant's actions as set forth herein, Plaintiff suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment and for the following legal and equitable relief under the MHRA and ADA:

- A. Reinstatement, or front pay in lieu of reinstatement;
- B. Back pay from May 21, 2021, with prejudgment interest;
- C. Compensatory damages;
- D. Punitive damages;
- E. An award of reasonable attorney's fees and all costs; and
- F. All other damages to which Plaintiff may be entitled.

## COUNT II
### (Hostile Work Environment Based on Disability – MHRA and ADA)

46. Plaintiff hereby repeats, re-alleges, and incorporates by reference the foregoing paragraphs 1-45 of this Complaint.

47. Plaintiff is a qualified individual with a disability who was able to perform the essential functions of her job with or without reasonable accommodations.

48. As set forth above, Defendant created an unreasonably hostile work environment based on or in response to Plaintiff's status as a person with a disability, or, alternatively, on Defendant's perception that Plaintiff was disabled. Such harassment was sufficiently severe or pervasive so as to alter the conditions of Plaintiff's employment and create an abusive and hostile work environment. Defendant's conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive, and Plaintiff in fact did perceive it to be so.

49. Defendant is liable for the acts and omissions of Plaintiff's supervisors, managers, and management personnel.

50. As a direct and proximate result of Defendant's actions as set forth herein, Plaintiff suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment and for the following legal and equitable relief under the MHRA and ADA:

 A. Reinstatement, or front pay in lieu of reinstatement;
 B. Back pay from May 21, 2021, with prejudgment interest;
 C. Compensatory damages;
 D. Punitive damages;
 E. An award of reasonable attorney's fees and all costs; and
 F. All other damages to which Plaintiff may be entitled.

## COUNT III
### (Retaliation, Interference, Coercion, or Intimidation – MHRA and ADA)

51. Plaintiff hereby repeats, re-alleges, and incorporates by reference the foregoing paragraphs 1-50 of this Complaint.

52. Plaintiff engaged in activity protected under the anti-discrimination provisions of the MHRA and ADA; to wit, she opposed and complained to management about her need for reasonable accommodations and the denials of her requests for accommodations.

53. Defendant subjected Plaintiff to adverse employment action, to wit: Defendant retaliated against Plaintiff with respect to the terms, conditions or privileges of her employment; denied without justification her requests for accommodations; unlawfully interfered with, intimidated, or threatened her while she exercised rights to be free from discrimination or

harassment; created hostile working conditions; made false statements to justify its actions; and wrongfully terminated her employment, all because Plaintiff opposed the unlawful acts or practices of her employer, and all in violation of the MHRA and ADA.

54. As a direct and proximate result of Defendant's actions as set forth herein, Plaintiff suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment and for the following legal and equitable relief under the MHRA and ADA:

      A. Reinstatement, or front pay in lieu of reinstatement;
      B. Back pay from May 21, 2021, with prejudgment interest;
      C. Compensatory damages;
      D. Punitive damages;
      E. An award of reasonable attorney's fees and all costs; and
      F. All other damages to which Plaintiff may be entitled.

## COUNT IV
### (Whistleblower Retaliation – MWPA and MHRA)

55. Plaintiff hereby repeats, re-alleges, and incorporates by reference the foregoing paragraphs 1-54 of this Complaint.

56. Plaintiff engaged in activity protected under the Maine Whistleblowers' Protection Act ("MWPA"); to wit, acting in good faith, she reported to her employer what she had reasonable cause to believe was a violation of a state or federal law.

57. Defendant subjected Plaintiff to adverse employment action, to wit: Defendant retaliated against Plaintiff with respect to the terms or conditions of her employment; denied her requests for reasonable

accommodations; punished her for asserting her right to reasonable accommodations; created hostile working conditions; made false statements; and wrongfully terminated her employment, all because Plaintiff made such reports and complaints, all in violation of the MWPA and MHRA.

58.   As a direct and proximate result of Defendant's actions as set forth herein, Plaintiff suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment and for the following legal and equitable relief under the MWPA and MHRA:

A. Reinstatement, or front pay in lieu of reinstatement;
B. Back pay from May 21, 2021, with prejudgment interest;
C. Compensatory damages;
D. Punitive damages;
E. An award of reasonable attorney's fees and all costs; and
F. All other damages to which plaintiff may be entitled.

Dated: December 5, 2022             Respectfully Submitted,


                                    /s/ Andrew P. Cotter
                                    Andrew P. Cotter

                                    /s/ James A. Clifford
                                    James A. Clifford

                                    CLIFFORD & CLIFFORD, LLC
                                    10 Moulton Street, 5th Floor
                                    Portland, ME 04101
                                    (207) 613-9465
                                    andrew@cliffordclifford.com
                                    james@cliffordclifford.com